

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. Karl L. Lovelady
Chairman of the Committee on Education
in the Senate,
Meridian, Texas

Dear Senator:

Opinion No. O-6162
Re: Construction of Opinion No.
O-6105, regarding salaries
in State-Aid Schools.

Your recent communication directed to this department reads as follows:

"Opinion #6105 issued by the Attorney General's Office on July 27, 1944, stated in brief that the State Board of Education has authority to make a supplemental apportionment of available school funds on hand to the several school districts in the State of Texas. Without detracting anything from this opinion, I would like to ask your Department to either broaden this opinion or issue a new opinion concerning the following question:

"Is the supplemental apportionment of $4.00 per-capita made a part of a new apportionment, which together with the $25.00 aggregates an amount of $29.00, or is it merely an excess of $4.00 over and above the now existing statutory amount of $25.00.

"The purpose of opinion #6105, as I construe it, was made primarily to supplement the school teachers salaries in the State of Texas. However, until your Department clarifies the question asked above, this money cannot be used to supplement school teachers salaries in the State Aid Schools because the $25.00 per-capita is now being used in their budget as receipts along with their 50¢ local maintenance money and as I construe the law, if the $4.00 supplement creates a new per-capita apportionment of $29.00 the total amount will have to count as receipts in the budget. If, however, this money is excessive as monies above 50¢ maintenance is excessive in House Bill No. 176, Acts of the 48th Legislature, then this $4.00 may be used to supplement school teachers salaries in State Aid Schools without being counted in their

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Karl L. Lovelady, page 2

budget as receipts against the amount they would
receive as State Aid.

"In summation my question is simply this:
May Opinion #6105 be construed in the light and
purpose for which it was intended, namely, that
of supplementing school teachers salaries in
State Aid Schools as well as School teachers
salaries in Non-State Aid Schools."

In our Opinion No. O-6105, we pointed out that the
Legislature cannot (by general law) limit the per capita
apportionment to any amount less than that which will result
from the annual application and equal distribution of all of
the Available School Funds.

This conclusion was based on Section 5 of Article
7 of our State Constitution, which provides, in part, as
follows:

". . . and the Available School Fund shall
be applied annually to the support of the public
free schools. And no law shall ever be enacted
appropriating any part of the Permanent or Avail-
able School Fund to any other purpose whatever;
. . . ."

It is therefore the opinion of this department that
the supplemental apportionment of $4.00 referred to in your
communication is simply a part of the total per capita appor-
tionment for the scholastic year of 1943-1944. It is not to
be considered as merely an excess over and above the so-called
"now existing statutory amount of $25.00," as stated in your
communication.

Section 2 of Article 3 of H. B. 176, Chap. 373, 48th
Legislature, reads as follows:

"Sec. 2. Salary Schedule and Length of Term.
The base pay for class room teachers in unaccredited
schools shall be Ninety-five Dollars ($95) per month
for eight (8) months. The base pay for class room
teachers in accredited schools shall be One Hundred

Dollars ($100) per month for nine (9) months. Two Dollars and Fifty Cents ($2.50) per month shall be added for each year of college credit over one year not to exceed Ten Dollars ($10). One Dollar and Fifty Cents ($1.50) per month shall be added for each year of teaching experience; provided such amount added for experience shall not exceed Fifteen Dollars ($15) per month. Additional allowances for teachers serving as principals and/or superintendents shall be the same as was provided for the year 1942-1943. The annual salary of teachers in accredited schools shall be the monthly salary multiplied by nine (9). The annual salary of teachers in unaccredited schools shall be the monthly salary multiplied by eight (8). The annual salary of Superintendents of accredited schools with eight (8) or more recognized affiliated credits and entitled to six (6) teachers or more under Section 1 of this Article, Vocational Agriculture teachers, and Trades and Industries teachers shall be the monthly salary as determined by schedule stated herein multiplied by twelve (12). The annual salary of Home Economics teachers shall be the monthly salary as determined by said schedule multiplied by ten (10). All such authorized salaries may be paid in twelve (12) equal payments, which shall not exceed the contract or the salary schedule, beginning with September 1st of each year. Salaries of Superintendents and Vocational teachers may begin on July 1st rather than September 1st. All schools of the accredited class receiving aid shall provide a term of approximately nine (9) months, and schools of the unaccredited class receiving aid shall provide a term of approximately eight (8) months. An accredited school is herein defined as a school teaching either the elementary grades, the elementary grades plus two (2) years of high school, or the elementary grades and four (4) years of high school and recognized by the State Department of Education as doing standard work. Should any school district eligible to receive Salary Aid under the provisions of this Act maintain a salary schedule in excess of the salary schedule stated herein with revenue listed as receipts in the budget the amount of salary aid received by such school district shall be reduced by the amount of such excess."

Hon. Karl L. Lovelady, page 4


State Aid (as such) is a matter within the legislative discretion. No constitutional provisions require or prohibit State Aid (as such) to our public schools. Therefore, the legislative intent is the controlling factor to be considered in this connection.

The provisions of Section 2, Art. 3, H. B. 176, quoted above, reveal that the Legislature has provided a Salary Schedule and Length of Term for schools to follow and maintain in order to receive Salary Aid from the State. The last sentence of said Section 2 is clear and specific. It provides for a reduction in Salary Aid to any school district eligible therefor which maintains a salary schedule in excess of that stated therein with revenue listed as receipts in the budget. Said reduction shall equal the amount of such excess.

In view of the foregoing, it is the opinion of this department that said additional four ($4.00) dollars per capita apportionment must be listed as receipts in the budget. Neither can any school district eligible to receive salary aid, as now provided by law, disregard the salary schedule and length of term provisions of Section 2, Art. 3, H. B. 176, 46th Legislature, above quoted.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By L. H. Flewellen,
Assistant.

APPR

ATTORNEY GENERAL OF TEXAS
LHF:rt

APPROVED OPINION COMMITTEE BY [signature] CHAIRMAN